UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Victor B. Perkins,                                   Civil No. 16-1835 (PAM/FLN)

                    Plaintiff,

v.                                                                            **ORDER**

B.R. Jett, Fmr.Warden;
Mary Haugen, Unit Manager;
and Loretta Lynch, USAG,

                    Defendants.

_____

        This matter is before the Court on Plaintiff Victor B. Perkins's Application to Proceed

in District Court without Prepaying Fees or Costs.  Perkins seeks IFP status to pursue a claim

under 42 U.S.C. § 1983 for what he alleges is his unconstitutional continued civil

commitment.

        28 U.S.C. § 1915 permits an indigent person to commence a civil action such as this

"without prepayment of fees or security therefor."  But the Court should not grant IFP status

and must instead dismiss a case commenced under § 1915 if it determines that the action fails

to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

        This is not the first time Perkins has sought monetary relief for his allegedly

unconstitutional civil commitment.[1]  Almost exactly one year ago, this Court, adopting the

_____

        [1]  Indeed, this is at least the eleventh time Perkins has challenged some aspect of his
civil commitment in this Court.  See Civ. No. 06-4021; Civ. No. 07-1101; Civ. No. 09-3735;
Civ. No. 11-326; Civ. No. 11-968; Civ. No. 11-1730; Civ. No. 13-1133; Civ. No. 13-2874;
Civ. No. 15-2140; and Civ. No. 16-1070.  Perkins has also sought relief in the form of at least
seven motions under § 2255 in the court that initially committed him, the Eastern District of

Report and Recommendation of Magistrate Judge Franklin L. Noel, dismissed Perkins's claims for monetary relief for what he alleged was unconstitutional civil commitment, holding that those claims are barred by longstanding and indisputably applicable Supreme Court precedent.  (See Order, Perkins v. Jett, Civ. No. 15-2140 (D. Minn. June 8, 2015) (Docket No. 13) (citing, inter alia, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).) Undaunted, in his Amended Complaint in this matter Perkins contends that Heck does not apply because Heck was a "'state' case."  (Am. Compl. at 3.)  He again asks the Court to award him $10 million because he is "wrongfully civilly committed and wrongfully imprisoned."  (Id. at 3, 4.)

But a detainee may receive monetary damages for an unlawful commitment only if that commitment has been vacated, reversed on appeal, or otherwise called into question. Heck, 512 U.S. at 486-87.  Perkins's civil commitment has not been vacated, reversed, or otherwise called into question.  Thus, he cannot maintain a civil action for damages arising out of the fact of that commitment.

In addition, Perkins is simply incorrect that Heck's holding does not apply to federal civil detainees.  Heck applies to federal detainees, Washington v. Sorrows, 107 F.3d 876 (8th Cir. 1997) (table), and it applies to civilly committed detainees.  Talbot v. Loya, No. 4:03cv3400, 2005 WL 2765131, at *2 (D. Neb. Oct. 24, 2005).  Perkins's claims are thus barred by Heck.

---

North Carolina.  (See Report and Recommendation, Civ. No. 13-2874 (Docket No. 13) at 2.)

Until Perkins's civil commitment is vacated, reversed on appeal, or otherwise called into question, he cannot pursue a claim for money damages for that allegedly illegal commitment.  Absent a court order declaring his commitment illegal, should Perkins bring future actions seeking money damages arising out of the fact of his commitment, the Court will summarily dismiss the case without further discussion.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      This action is **DISMISSED without prejudice**; and

2.      Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket No. 2) is **DENIED**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 14, 2016

                                                    *s/Paul A. Magnuson*
                                                    Paul A. Magnuson
                                                    United States District Court Judge